UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LINDBLAD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil No. 09-CV-01639-RHW   x<br><br>Crim. No. 05-CR-00206-RHW<br><br>**ORDER DISMISSING PETITIONER'S MOTION FOR PERMISSION TO FILE RULE 60(b) MOTION** |

Before the Court is Petitioner Samuel Lindblad's second *pro se* Motion for Permission to File a Rule 60(b) Motion. ECF No. 28.[1] Also before the Court are nine other motions Mr. Lindblad has filed requesting (1) discovery of the "entire recorded conversation between FBI Agent Robert Hamer and Samuel Lindblad which took place at the Hilton Hotel lobby in Albuqueque [sic], New Mexico on January 6, 2005," ECF No. 32; (2) permission to propound interrogatories to a variety of individuals he contends have evidence that would support the claims he asserts in his motion under 28 U.S.C. § 2255, ECF Nos. 33, 34, 35, 36, 37, & 38; (3) that the record be supplemented with the above-requested evidence, ECF No. 30; and (4) that the Court conduct an evidentiary hearing to resolve disputed facts regarding his § 2255 motion, ECF No. 31. Having reviewed the motions and all relevant filings, the Court is fully informed.

---

[1] All references to docket numbers in this Order refer to the docket entries in case number 09-CV-01639-RHW.

**ORDER DISMISSING PETITIONER'S MOTION FOR PERMISSION TO FILE RULE 60(b) MOTION ~ 1**

# BACKGROUND

On March 9, 2009, Mr. Lindblad filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which was denied by this Court's Order on April 1, 2011.  ECF No. 21.  Exactly one year later, on April 1, 2012, Mr. Lindblad filed a Motion under FED. R. CIV. P. 60(b) claiming that he was entitled to relief under the rule because "[t]he court did not address all the issues presented in the § 2255 motion."  ECF No. 23.  Mr. Lindblad's objection was apparently directed at the Court's failure to explicitly address his claim that approximately three minutes was missing from a recording that was placed into evidence.  ECF 27 at 1.  In an Order issued on October 1, 2012, this Court denied Mr. Lindblad's Rule 60(b) motion because the Court had already considered and rejected Mr. Lindblad's argument that his counsel's performance was constitutionally deficient in light of the decision not to hire a recording expert—a finding which implicitly addressed Mr. Lindblad's allegations that part of the recording was omitted at trial.  ECF No. 27.  The Court declined to issue a Certificate of Appealability.  ECF No. 27 at 2.

Two years later, on October 17, 2014, Mr. Lindblad filed a second motion for relief under Rule 60(b).  ECF No. 28.  In conjunction with his second Rule 60(b) motion, Mr. Lindblad filed nine other motions seeking discovery and an evidentiary hearing as part of the adjudication of his § 2255 claim.  ECF Nos. 30, 31, 32, 33, 34, 35, 36, 37, & 38.  Mr. Lindblad also sought to disqualify this Court from presiding over his case, ECF No. 29, a request that was denied by Judge Olguin on November 4, 2014, ECF No. 42.

# DISCUSSION

The RULES GOVERNING SECTION 2255 PROCEEDINGS do not contain a provision explicitly addressing whether the relief specified in FED. R. CIV. P. 60(b) is available in § 2255 proceedings.  Rule 12, however, provides that a district court

may apply the Federal Rules of Civil or Criminal Procedure to § 2255 proceedings to the extent they are not inconsistent with any statutory provisions or rules governing § 2255 proceedings.  RULES GOVERNING SECTION 2255 PROCEEDINGS R. 12.  In *United States v. Washington*, 653 F.3d 1057 (9th Cir. 2011), the Ninth Circuit defined the limits of FED. R. CIV. P. 60(b) as it applies to motions under 28 U.S.C. § 2255, applying the Supreme Court's reasoning in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which distinguishes "legitimate" Rule 60(b) motions from those that are merely disguised second or successive habeas petitions.

### A. Mr. Lindblad's Rule 60(b) Motion is Properly Construed as a Second Motion under § 2255.

In the context of § 2255 proceedings, the application of Rule 60(b) has been narrowed to ensure that successive habeas petitions—petitions a district court cannot consider without authorization from "a panel of the appropriate court of appeals," *see* 28 U.S.C. §§ 2244(a) & 2255(h)—are not disguised as motions for relief under Rule 60(b).  *Washington*, 653 F.3d at 1062.  A "legitimate" Rule 60(b) motion following a denial of a petitioner's request for § 2255 relief "asserts some 'defect in the integrity of the federal habeas proceedings.'"  *Id.* at 1063.  A motion that does not allege such a defect, but instead, asks essentially for a second chance to have the merits determined favorably, raises a "claim" that removes the motion from the purview of Rule 60(b) and subjects it to the strictures of 28 U.S.C. § 2255(h).  *Id.*

The majority of Mr. Lindblad's Rule 60(b) motion rehashes arguments already considered and rejected in this Court's April 1, 2011 Order denying his motion for § 2255 relief.  Mr. Lindblad reiterates his challenges concerning the accuracy of the recordings presented at his trial—encompassing claims of *Brady* violations and prosecutorial misconduct—and again argues that his attorney's failure to address these challenges constitutes ineffective assistance of counsel.

**ORDER DISMISSING PETITIONER'S MOTION FOR PERMISSION TO FILE RULE 60(b) MOTION ~ 3**

ECF No. 28 at 10-23.  In addition, Mr. Lindblad asserts for the first time, a claim of actual innocence.  ECF No. 28 at 23.

These allegations fall squarely within definition of "claims" that must be addressed in a successive motion under § 2255.  *Brady* violations, prosecutorial misconduct, ineffective assistance of counsel, and claims of actual innocence do not allege defects in the federal habeas proceeding, but instead, allege defects in the underlying case.  Mr. Lindblad's Rule 60(b) motion seeks nothing more than a second chance to have the merits of his § 2255 motion determined favorably, relief that Rule 60(b) cannot provide.

Mr. Lindblad's final argument, and the only that could even potentially constitute a defect in the habeas proceeding itself, is his objection to the Court's refusal to conduct an evidentiary hearing.  ECF No. 28 at 20-21.  But this argument too falls short of asserting a genuine defect in the federal habeas proceedings.  A district court need not conduct an evidentiary hearing where the record conclusively shows that the prisoner is not entitled to relief, 28 U.S.C. § 2255(b), and the Court explicitly made such a finding in its Order denying relief to Mr. Lindblad, ECF No. 21 at 7.  Mr. Lindblad's objection to the lack of evidentiary hearing is, in essence, a request for a fresh opportunity to air arguments already rejected in the Order denying his § 2255 motion, ECF No. 21 at 4-6, and deemed unworthy of presentation at trial by his attorney, ECF No. 21 at 5:5-9.  Because the gravamen of Mr. Lindblad's allegations go to the merits of his conviction, rather than the integrity of the habeas proceeding, his Rule 60(b) motion is, in fact, a § 2255 motion in disguise.  *See Washington*, 653 F.3d at 1065.

### B. The Court Lacks Jurisdiction to Consider Mr. Lindblad's "Disguised" Second § 2255 Motion.

Because Mr. Lindblad's "disguised" § 2255 motion is his second motion for such relief, the Court lacks jurisdiction to consider his claims unless they meet the

**ORDER DISMISSING PETITIONER'S MOTION FOR PERMISSION TO FILE RULE 60(b) MOTION ~ 4**

stringent standard for presenting successive § 2255 motions. *See* 28 U.S.C. § 2255(h). Section 2255(h) provides that a second or successive motion must be "certified as provided in § 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(3)(A), in turn, provides that before a second or successive application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Reading these provisions together, the Ninth Circuit has held that a second or successive § 2255 petition may not be considered by the district court unless a petitioner obtains a certificate from the appellate court authorizing the district court to do so. *Washington*, 653 F.3d at 1065. To date, the Ninth Circuit has not authorized a successive § 2255 motion in Mr. Lindblad's case. Accordingly, this Court is without jurisdiction to entertain Mr. Lindblad's "disguised" § 2255 motion.

### C. Even if "Legitimate," Mr. Lindblad's Rule 60(b) Motion Would be Untimely.

Even if Mr. Lindblad's Rule 60(b) motion were legitimate and the Court had jurisdiction to consider his arguments, Mr. Lindblad's second Rule 60(b) motion would be untimely. With respect to the timeliness of a Rule 60(b) motion, FED. R. CIV. P. 60(c)(1) provides that a motion under Rule 60(b) must be made within a reasonable time. FED. R. CIV. P. 60(c)(1). For the first three reasons enumerated by the statute—excusable neglect, newly discovered evidence, and fraud by an opposing party—the limitations period is more circumscribed, requiring that the motion be filed no more than a year after the entry of the order. *Id.*

Here, more than three years have elapsed since the Court's entry of the Order denying Mr. Lindblad's § 2255 motion and Mr. Lindblad has offered no reason why this Court should consider such a significant delay to be reasonable. This is especially true given that this is Mr. Lindblad's second motion requesting

relief under Rule 60(b).  Although "a party is entitled to relief under Rule 60(b)(6) where 'extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment,'" *Foley v. Biter*, 793 F.3d 998, 1002 (9th Cir. 2015) (quoting *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004)), Mr. Lindblad has identified no such circumstances here.

### D.  The Remaining Pending Motions are Denied

In light of this Court's finding that it does not have jurisdiction to consider Mr. Lindblad's "disguised" second § 2255 motion, Mr. Lindblad cannot show the good cause required to obtain the discovery he requests, *see* RULES GOVERNING SECTION 2255 PROCEEDINGS R. 6(a), and the Court has no authority to conduct an evidentiary hearing on the matter.  Consequently, Mr. Lindblad's motions to propound interrogatories, ECF Nos. 33, 34, 35, 36, 37, & 38, to obtain discovery of the "entire recorded conversation between FBI Agent Robert Hamer and Samuel Lindblad . . . on January 6, 2005," ECF No. 32, to expand the record, ECF No. 30, and to conduct an evidentiary hearing, ECF No. 31, are denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Permission to File a Rule 60(b) Motion, **ECF No. 28**, is **DISMISSED** because the Court lacks jurisdiction to consider it.

2. Petitioner's Motions for Expansion of the Record, **ECF No. 30**, for an Evidentiary Hearing, **ECF No. 31**, for Discovery, **ECF No. 32**, and to Propound Interrogatories, **ECF Nos. 33, 34, 35, 36, 37, 38**, are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to the United States Attorneys' Office and Petitioner *at his prison address*.

**DATED** this 22nd day of March, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DISMISSING PETITIONER'S MOTION FOR PERMISSION TO FILE RULE 60(b) MOTION** ~ 6